**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BENNIE L. DENSON, IV,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Case No. 13-CV-0159-CVE-FHM |
| | ) |
| **MIKE ADDISON, Warden,** | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate appearing pro se. Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 8). Petitioner filed a response (Dkt. # 10) to the motion to dismiss. As discussed below, the petition is a "mixed petition" and is subject to being dismissed without prejudice. However, Petitioner will be afforded the opportunity to file an amended petition to delete the unexhausted claims and proceed with only the exhausted claims.

*BACKGROUND*

On October 21, 2010, Petitioner was convicted by a jury of Robbery with a Firearm (Count I), and First Degree Burglary (Count II), both After Former Conviction of Two Felonies, in Tulsa County District Court, Case No. CF-2009-3543. On November 9, 2010, the trial judge sentenced Petitioner to forty (40) years imprisonment and a fine of $5,000 on Count I, and to twenty (20) years imprisonment and a fine of $5,000 on Count II. The trial judge ordered the sentences to be served consecutively and advised Petitioner that his sentences were subject to the 85% Rule. Petitioner was represented at trial by attorney Adam Haselgren.

Petitioner filed a timely direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Stuart Southerland, Petitioner raised the following six (6) propositions of error:

Proposition 1: The jury was improperly instructed as to the proper use of Heather Mitchell's prior inconsistent testimony. The jury was told that the prior testimony could only be used for impeachment, when in fact it could be used as substantive evidence.

Proposition 2: The judgment and sentences admitted in the second stage contained information indicating that Appellant had received suspended sentences in the past. This was plain error requiring the modification of Appellant's sentence.

Proposition 3: Multiple instances of prosecutorial misconduct served to deny Appellant the right to a fair trial in violation of the Fourteenth Amendment to the United States Constitution.

    (a)    The prosecutor commented on Appellant's decision to not testify.
    (b)    The prosecutor bolstered his witnesses while accusing Appellant of manufacturing an alibi.
    (c)    The prosecutor improperly asked the jury to consider alternative (and unalleged) theories in closing argument by claiming that they could convict Appellant whether he had a gun or not.
    (d)    The prosecutor ignored an objection which was sustained by the court and proceeded to offer facts which were not in evidence.
    (e)    The prosecutor appealed to the emotions of the jurors during closing argument with statements that had nothing to do with the facts of the case or the elements of the offense.

Proposition 4: Appellant's convictions in both Counts I and II violate the double punishment provisions of Oklahoma statutory law.

Proposition 5: Appellant received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

    (a)    Counsel's failure to seek the assistance of an eye-witness identification expert to explain the inherent flaws in eye-witness identification testimony constituted deficient performance.
    (b)    Defense counsel's failure to object [to (1) erroneous impeachment instruction, (2) notation indicating that Petitioner received a suspended sentence, (3) to all of prosecutor misconduct alleged in

        Proposition 3, and (4) to the two counts merged, as argued in Proposition 4] contributed to his ineffective assistance.
   (c) Defense counsel failed to secure cell phone records which would have corroborated the testimony of Appellant's alibi witnesses.
   (d) Defense counsel failed to present evidence that the stolen television could not have fit into the automobile identified as the getaway vehicle.

 Proposition 6: The combined error at Appellant's trial served to deny him the right to a fair trial guaranteed by the Fourteenth Amendment to the Untied States Constitution.

(Dkt. # 9-1). The OCCA filed an unpublished summary opinion on February 29, 2012, affirming Petitioner's judgment and sentence. (Dkt. # 9-2). Petitioner did not file a petition for writ of certiorari at the United States Supreme Court nor did he seek post-conviction relief in the Oklahoma state courts.

 Petitioner filed his petition for writ of habeas corpus on March 18, 2013. (Dkt. # 1). Petitioner asserts six propositions of error, summarized by the Court as follows:

 Ground 1: Ineffective assistance of counsel, based on:

   (1) failure to investigate alibi witness Angela Reed and her testimony regarding ownership of the presumed suspect's vehicle,
   (2) failure to investigate Petitioner's cell phone records that would have corroborated an alibi witness,
   (3) failure to investigate the fact that a 52" flat screen TV could not have fit in the suspect's alleged vehicle,
   (4) failure to investigate state witness who allegedly confirmed the same suspects, but mentioned that a suspect wore a bandana,
   (5) failure to investigate the 911 call made by victim and the resulting known perjury,
   (6) knowingly admitted alibi witness Ashley Jones [sic] and that she would give perjured testimony if called to testify for the defense,
   (7) failure to investigate the need to suppress the in-court identification by state witnesses given that the six-pack line-up was extremely prejudicial and violated Petitioner's right to due process,
   (8) failure to ask for additional time to give Petitioner's private investigator time to thoroughly investigate the information listed in (1) through (7), above,

>           (9)    failure to object to the erroneous impeachment instruction, failure to object to the notation indicating Petitioner received a suspended sentence on the Judgment and Sentence, failure to argue for merger of the two counts, failure to object to prosecutor misconduct, and failure to object to jury instruction seventeen,
>           (10)   failure to seek the assistance of an eye-witness identification expert,
>           (11)   knowingly allowed state witness Heather Mitchell to use perjured testimony and did not cross-examine her on her extremely reckless testimony.
>
>   Ground 2:   Prosecutorial misconduct as demonstrated by:
>
>           (1)    commenting on Petitioner's failure to testify,
>           (2)    bolstering and vouching for a State's witness and accusing Petitioner of manufacturing an alibi,
>           (3)    improperly asking the jury to consider alternative (and unalleged) theories in closing arguments by claiming they could convict Petitioner whether he had a gun or not,
>           (4)    improperly proceeding to offer facts which were not in evidence after defendant objected and the court sustained the objection,
>           (5)    knowingly admitting perjured testimony from witness Heather Mitchell.
>
>   Ground 3:   The judgment and sentences admitted in the second stage contained information indicating that Petitioner had received suspended sentences in the past.
>
>   Ground 4:   Appellant's convictions in both Counts I and II violate the double punishment provisions of Oklahoma statutory law.
>
>   Ground 5:   Newly discovered evidence/proof of perjured testimony.
>
>   Ground 6:   Ineffective assistance of appellate counsel.

(Dkt. # 1). In his petition, Petitioner acknowledges that parts of Grounds 1 and 2 were not raised on direct appeal. Id. He attributes the omissions to ineffective assistance of appellate counsel. Id. He also acknowledges that Ground 6 was not presented to the OCCA. Id. In his brief in support of the motion to dismiss, Respondent asserts that the petition contains numerous unexhausted claims and should be dismissed. See Dkt. # 9. In response to the motion to dismiss, Petitioner states he

will "present his [unexhausted claims] through Post Conviction relief, to exhaust all state remedies as required by this court." (Dkt. # 10). Also, Petitioner requests that the Court "not terminate his option in the future to go through the Northern District of Oklahoma if his current application is dismissed by this [C]ourt." Id.

## *ANALYSIS*

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b). The exhaustion requirement is based on the doctrine of comity. Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam)); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court); Wilson v. Workman, 577 F.3d 1284, 1294 (10th Cir. 2009) (en banc) ("The allegations and supporting evidence must offer the state courts a fair opportunity to apply controlling legal principles to the facts bearing upon his

5

constitutional claim." (citation and internal quotation marks omitted)). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

The burden of proving exhaustion rests with the prisoner. See Olson v. McKune, 9 F.3d 95, 95 (10th Cir. 1993). An exception to the exhaustion doctrine exists if it is clear that the state courts would impose a procedural bar on the petitioner's claims. Coleman, 501 U.S. at 731-32. If an applicant has failed to exhaust state remedies and state courts "would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted); accord Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997); see also Woodford v. Ngo, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability . . . [I]f the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

Respondent argues that Petitioner raises "several claims which have never been presented to any Oklahoma court." (Dkt. # 9 at 2). Respondent highlights several new allegations of ineffective assistance of counsel raised in Ground 1, a new allegation of prosecutorial misconduct in Ground 2, and new claims in Grounds 5 and 6. Id. at 2-3. After reviewing the petition and the state court record, the Court agrees with Respondent that Petitioner has not presented all claims to the Oklahoma state courts. Specifically, in his habeas petition, Petitioner raises the following new claims: in Ground 1, claims (1), (4), (5), (6), (8), and (11); in Ground 2, claim (5); Ground 5; and,

6

Ground 6. All other claims in the habeas petition are exhausted.[1] The exhausted claims are: in Ground 1, claims (2), (3), (7), (9), and (10); in Ground 2, claims (1), (2), (3), and (4); Ground 3; and Ground 4. As for the unexhausted claims cited above, Petitioner has an available remedy, an application for post-conviction relief. Therefore, unless an exception to the exhaustion doctrine applies, this petition is a "mixed petition," containing both exhausted claims and unexhausted claims, and is subject to being dismissed without prejudice. Lundy, 455 U.S. at 522 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief).

The enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of Lundy, but at the same time imposing a 1-year statute of limitations on the filing of federal petitions. Rhines v. Weber, 544 U.S. 269, 274 (2005). "As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Id. at 275. Petitioner filed his petition for writ of habeas corpus prior to expiration of the 1-year limitations period. However, because the pendency of this federal action does not serve to toll the limitations period, see Duncan

---

[1] The Court recognizes that Respondent also argues that Ground 1, claim (7) is a new claim. However, this Court disagrees and finds that the substance of claim (7) was "fairly presented" to the OCCA as part of Petitioner's ineffective assistance of counsel claim raised on direct appeal. See Dkt. # 9-1 at 31-40; see also Picard v. Conner, 404 U.S. 270, 275-76 (1971) (surmising that a claim must be fairly presented to state courts, otherwise the exhaustion doctrine would "serve no purpose if it could be satisfied by raising one claim in the state courts and another in federal courts"). Petitioner's ineffective assistance of counsel claim, as identified in Ground 1, claim (7), is exhausted.

v. Walker, 533 U.S. 167, 181-182 (2001) (holding that the statute of limitations is not tolled during the pendency of a federal petition), if the Court were to dismiss this petition, Petitioner may be precluded from returning to federal court after exhausting his claim by the § 2244(d) limitations period.[2]

On May 15, 2013, in response to Respondent's motion to dismiss for failure to exhaust, Petitioner filed a "motion to proceed" (Dkt. # 10).[3] Petitioner avers that he will "exhaust all state remedies as required." Id. However, a review of the Tulsa County District Court records, (www.oscn.net), demonstrates that, as of today's date, Petitioner has not yet filed an application for post-conviction relief. Petitioner's "motion to proceed" also includes a request that the Court "not terminate his option . . . to go through [this Court] if his current application is dismissed." See Dkt. # 10. To the extent Petitioner requests that this action be stayed while he returns to state court to exhaust his unexhausted claims, the Court denies the request. Although the Court has discretion to issue a stay in this matter while Petitioner returns to state court to exhaust his claims, Rhines, 544 U.S. at 276, the Court finds that course of action is unwarranted in this case. "Stay and abeyance

---

[2] Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on May 29, 2012, or 90 days after the OCCA affirmed his conviction on direct appeal on February 29, 2012, when the period for seeking certiorari review in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, in the absence of statutory or equitable tolling, Petitioner's one year limitations period began to run on May 30, 2012, and his deadline for filing a timely petition for writ of habeas corpus was May 30, 2013. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The petition in this case was filed March 18, 2013, or before the deadline. However, the deadline has now passed. As a result, if this Court were to dismiss this petition, any effort by Petitioner to return to federal court after exhausting state remedies may be time-barred since the one-year limitations period has expired during the pendency of this action.

[3] The "motion to proceed" was docketed by the Clerk of Court as Petitioner's response to the motion to dismiss. See Dkt. # 10.

8

is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Petitioner does explain why he did not exhaust all of his claims before filing his petition and failed to file an application for post-conviction relief after notifying the Court he would take such action. See Dkt. ## 1, 10. Nothing in the record suggests that Petitioner can demonstrate "good cause" for his failure to exhaust each of his claims in state court prior to filing his petition. For that reason, the Court declines to stay this action.

Although a "stay and abeyance" is not warranted in this case, the Court will afford Petitioner the opportunity to file an amended petition to delete the unexhausted claims and to proceed with only exhausted claims. See Rhines, 544 U.S. at 278. Therefore, if Petitioner wishes to proceed at this time with only his exhausted claims, i.e., those claims identified in the petition that were raised on direct appeal, he may, within twenty-one (21) days of the entry of this Order, file an amended petition raising only his exhausted claims and deleting his unexhausted claims. If Petitioner fails to file an amended petition within twenty-one (21) days of the entry of this order, the Court will enter an order granting Respondent's motion to dismiss and dismissing this action in its entirety without prejudice for failure to exhaust state remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's petition is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal in its current form.
2. To the extent Petitioner requests that this action be stayed while he returns to state court to exhaust his unexhausted claims, his request is **denied**.

3. Within twenty-one (21) days of the entry of this Order, or by **December 3, 2013**, Petitioner may file an amended petition containing only exhausted claims and deleting the unexhausted claims, as identified herein. If Petitioner files an amended petition deleting his unexhausted claims, Respondent's motion to dismiss will be declared moot.

4. Should Petitioner fail to file an amended petition within twenty-one (21) days of the entry of this Order, the Court will enter an Order granting Respondent's motion to dismiss and dismissing the petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies.

5. The Clerk is directed to send Petitioner a blank petition for writ of habeas corpus (form AO-241), marked "Amended" and identified as Case No. 13-CV-159-CVE-FHM.

**DATED** this 12th day of November, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE